# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| ROBERT E. HOWELL SR.,<br>ADC # 148453 | PLAINTIFF |
| v.   4:14CV00129-JLH-JJV | |
| RAY HOBBS, Director, Arkansas<br>Department of Correction; *et al.*, | DEFENDANTS |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **PARTIAL DISPOSITION**

### I.   INTRODUCTION

Robert E. Howell, Sr. ("Plaintiff") is an inmate of the Cummins Unit of the Arkansas Department of Correction ("ADC"). He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging unconstitutional racial discrimination. Per his Amended Complaint, Plaintiff alleges that Defendant Warden Lay ("Warden Lay") has discriminated against him by assigning him an inmate classification which renders him ineligible for parole on the basis of his race (Doc. No. 10 at 5). He further alleges that Warden Lay discriminated against him by placing him, first in "the hole", and then on administrative segregation on the basis of his race (*Id*. at 6). Before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") (Doc. No. 9) and a Motion for Ruling on the same (Doc. No. 13). After review of the Motion, and for the reasons stated below, the Court concludes it should be DENIED.

### II.   ANALYSIS

In deciding whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the

movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id*. Without such a finding, a preliminary injunction should not be issued. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995). The *Goff* court also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'...[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

In his Motion, Plaintiff asks the Court to order the Defendants to grant him "Class II" status so that he may go before the prison board. He also asks that Warden Lay be restrained from participation in the Inmate Classification Committee when that committee weighs Plaintiff's status. Finally, Plaintiff asks to be placed in protective custody, away from Warden Lay.

    A.    "Class II" Status

A court will issue a preliminary injunction to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, Plaintiff asks the Court to do the opposite. He asks for a grant of "Class II" status so that he may go, first before the Prison Board, and then home (Doc. No. 9 at 2). At issue in this matter are Plaintiff's allegations that Defendant Lay impermissibly discriminated against him and, in so doing, prevented his parole. Rather than preserve the status quo, a grant of

"Class II" status at this preliminary stage would essentially entail an expedited ruling in Plaintiff's favor on this issue.

Moreover, based on the record before it, the Court cannot conclude that Plaintiff will suffer irreparable harm if he is not granted "Class II" status at this time.[1] The Court reminds Plaintiff that, as the party seeking injunctive relief, he bears the burden of proving each of the aforementioned *Dataphase* factors, including the threat of irreparable harm. *See Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006). In support of his position, Plaintiff offers only a single, conclusory line which states that an unspecified, irreparable harm will occur in the absence of the requested injunction (Doc. No. 9 at 2). He does not explain how or why such harm will occur if the Court declines to rule in his favor. The Court therefore denies Plaintiff's request for injunctive relief as to "Class II" status.

### B. Warden Lay's Participation in the Inmate Classification Committee

As noted above, Plaintiff requests that Warden Lay be precluded , by temporary restraining order, from participating in Inmate Classification Committee deliberations concerning Plaintiff. The Court exercises great caution in dealing with matters of prison administration. *See Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Plaintiff, per his Motion, has failed to offer any argument as to why such injunctive relief is proper. In light of the foregoing, the Court will not preclude Warden Lay's participation on Plaintiff's Inmate Classification Committee hearings by injunctive relief.

### C. Protective Custody from Warden Lay

Plaintiff requests that he be placed in protective custody, "away from Warden Lay." (Doc. No. 9 at 3). Plaintiff offers no statement as to why such protective custody is necessary and points

---

[1] While all four *Dataphase* factors are relevant in deciding a motion for preliminary injunction, the failure to show irreparable harm is an independently sufficient ground to deny a preliminary injunction. *See Watkins Inc. V. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

to no irreparable harm which would ensue in its absence. The custody level of inmates is a matter of prison administration which, as noted above, cautions judicial restraint. In the absence of any evidence or argument as to why such custody is necessary, the Court declines to grant this relief.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 9) should be DENIED.

2. Plaintiff's Motion for Ruling re: Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 13) should be DENIED as moot.

DATED this 13th day of May, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE