**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT E. HOWELL, SR.                                                                                          PLAINTIFF
ADC #148453

4:14CV00129-JLH-JJV

RAY HOBBS, Director, Arkansas
Department of Correction; *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Plaintiff Howell is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging unconstitutional racial discrimination by Defendant Lay, and asking for monetary and injunctive relief.[1]

Before the Court is Defendant Lay's Motion for Summary Judgment (Doc. No. 25), to which Plaintiff filed a Response (Doc. No. 28). Having reviewed the parties' submissions, the Court finds Defendant's Motion should be granted due to Plaintiff's failure to exhaust his administrative remedies.

**II.     COMPLAINT**

In his Amended Complaint, Plaintiff states that during a classification meeting on November 26, 2013, Defendant Lay discriminated against him based on his race by assigning him

---

[1] Defendants Hobbs and Pierce were dismissed on May 15, 2014, for failure to state a claim upon which relief may be granted. (Doc. No. 15.)

to administrative segregation, following a verbal confrontation between the two. (Doc. No. 10 at 5.) While being escorted to administrative segregation, Plaintiff lost his temper with a correctional officer and was charged with a disciplinary violation, which resulted in a forfeiture of 806 days of good time and delay of his anticipated April 4, 2014, parole and release. (*Id*. at 4-5.) Plaintiff claims Defendant Lay treats black inmates differently than white inmates and makes racist comments, in violation of his Fifth, Eighth, and Fourteenth Amendment rights, and ADC policy. (*Id*. at 6.) He asks for monetary damages and removal of "negative entries in this case from Plaintiff records that could reduce Plaintiff for parole...." (*Id*. at 7.)

### III. SUMMARY JUDGMENT MOTION

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A. Exhaustion

Defendant asks the Court to dismiss Plaintiff's Complaint against him because Plaintiff failed

3

to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to Barbara Williams, the inmate grievance supervisor, the grievance policy in effect at the time of the incident was Administrative Directive (AD) 12-16, which is initiated by the filing of an informal resolution within fifteen days of the incident leading to the grievance. (Doc. Nos. 25-10 at 5; 25-11 at 1.) The policy also requires an inmate to exhaust his remedies by filing an informal and formal grievance, and an appeal to the level of the Assistant or Deputy Director. (Doc. No. 25-11 at 1.) Between November 26, 2013, and February 28, 2014 (the date Plaintiff filed his Complaint), Plaintiff filed three grievances, only one of which referred to the November 26, 2013, classification meeting involving Defendant Lay. (*Id*. at 2.) The informal resolution which Plaintiff filed on December 26, 2013 was rejected as untimely, because it was submitted fifteen days past the deadline allowed by the grievance policy. (*Id*.)

Defendant also presents a copy of the grievance Plaintiff filed, CU-14-00024, together with a rejection of the grievance on January 2, 2014, as either non-grievable, untimely, a duplicate of another, or as frivolous and vexatious. (Doc. No. 25-9 at 2-3.) In addition, Defendant presents a copy of Deputy Director Marvin Evans's rejection of Plaintiff's appeal, as a non-grievable matter not involving retaliation, and as "beyond the Department's control and/or matter of State/Federal law." (*Id*. at 1.) Because Plaintiff's informal resolution was rejected as untimely, and because the grievance was rejected at all levels without addressing the merits, Defendant states Plaintiff failed to exhaust his remedies as required by the ADC grievance policy and the PLRA.

In his Response, Plaintiff acknowledges that his grievance was rejected as not grievable and untimely, but notes he appealed that decision. (Doc. No. 28 at 6.) He also argues the Deputy Director did not reject his appeal as untimely, but rather, because it did not involve retaliation and was a matter beyond the department's control and/or a matter of state or federal law. (*Id*. at 7.)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), *unconst'l on other grounds; Siggers-El v. Barlow*, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In *Booth v. Churner*, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in *Chelette v. Harris*, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000)). In *Johnson v. Jones*, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in *Jones v. Bock*, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

However, the United States Court of Appeals for the Eighth Circuit recently ruled that if prison officials decide a procedurally-flawed grievance on the merits, they effectively waive the argument that an inmate failed to exhaust because he did not comply with the grievance procedures. In *Hammett v. Cofield*, an inmate relied on grievances which were not exhausted or which were filed outside of mandatory time limits. 681 F.3d 945 (8th Cir. 2012). The court decided, however, that the

"PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Id*. at 947. This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in *Bower v. Kelley*, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012).

The ADC grievance policy in effect at the time of the incident, AD 12-16, clearly requires that the grievance process be initiated by filing an informal resolution within fifteen days of the date of the incident. (Doc. No. 25-10 at 5.) Plaintiff did not file the grievance against Defendant Lay within that time limit, and his grievance was rejected as untimely. (Doc. No. 25-9 at 2-3.) In addition, his appeal was rejected without a decision on the merits. (*Id*. at 1.) Although the reason cited in the rejection did not specifically state it was untimely, the Court finds persuasive the fact that a decision on the merits was not rendered at any stage of the procedure. This is distinguishable from the situation in *Hammett*, where the procedurally-flawed grievance was decided on the merits. 681 F.3d at 947. In *Hammett*, "'exhaustion' under §1997e(a) means proper exhaustion, that is, 'using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)....'" *Id*. (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (other citations omitted)).

### B.     Other Defenses

Because Plaintiff failed to completely exhaust his administrative remedies prior to filing this lawsuit, the Court will not address Defendant's remaining arguments in his Motion for Summary Judgment. *See Johnson v. Jones*, where the court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed. 340 F.3d at 627. *See also Lyon v. Vande Krol*, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc).

### IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendant Lay's Motion for Summary Judgment (Doc. No. 25) be GRANTED.

2.     Plaintiff's Complaint against Defendant be DISMISSED without prejudice, for failure to exhaust his administrative remedies.

IT IS SO RECOMMENDED this 2nd day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE